UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MYMY TRAN, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 06-10-P-S |
| | ) | Crim. No. 03-112-P-S |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Mymy Tran, who is serving a forty-month sentence on federal drug offenses, has filed a 28 U.S.C. § 2255 motion (Docket No. 1). The United States has filed a response (Docket No. 9) seeking summary denial of Tran's motion. I recommend that the court grant the United States' motion and deny Tran § 2255 relief.

*Discussion*

Tran sets forth three grounds in her 28 U.S.C. § 2255 motion. Ground One complains that the United States breached its agreement with Tran in refusing to file a motion for a reduction of her sentence based on her substantial assistance after her sentencing.[1] Ground Two argues that her sentence was improperly enhanced in violation of the <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005) holdings. And Ground Three asks the Court to consider extraordinary family circumstances of Tran's incarceration in its detrimental impact on her two children, apropos which she is a single mother, and allow Tran to reenter society as a productive and law abiding citizen.

---

[1] Tran references United States Sentencing Guideline § 5K1.1 as the vehicle for the United States' motion but, as the United States notes, Federal Rule of Criminal Procedure 35 would be the appropriate means for such a post-sentencing request.

*Ground One- Failure to move for a substantial assistance reduction*

With respect to Tran's first ground, Federal Rule of Criminal 35(b) provides:

**(b) Reducing a Sentence for Substantial Assistance.**
**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
**(A)** the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
**(B)** reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.
**(2) Later Motion.** Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
**(A)** information not known to the defendant until one year or more after sentencing;
**(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
**(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

The United States does not dispute that Tran can bring this claim in her 28 U.S.C. § 2255 motion. See Bischel v. United States, 32 F.3d 259, 263 -65 (7th Cir. 1994); accord United States v. Martini, No. 01-1123, 27 Fed. Appx. 1, 1 -2 (1st Cir. Oct. 19, 2001)(unpublished) (citing Bischel); compare United States v. Wilson, 390 F.3d 1003, 1004 -13 (7th Cir. 2004) (finding merit regarding a motion to compel a Federal Rule of Civil Procedure 35(b) motion by the Government in the criminal case). Nor does the United States dispute that the analysis of Wade v. United States, 504 U.S. 181 (1992) concerning United States Sentencing Guideline § 5K1.1 departures applies to Tran's complaint relating to the United States' failure to seek a Rule 35(b) departure. See In re

Sealed Case No. 97-3112, 181 F.3d 128, 135-36 (D.C. Cir. 1999) (observing that 18 U.S.C. § 3553(e), United States Sentencing Guideline § 5K1.1 and Federal Rule of Criminal Procedure 35(b) should be read in pari materia as to departures for substantial assistance).

In Wade the Supreme Court observed, apropos pre-sentencing substantial assistance motions, that "the Government [has] a power, not a duty, to file a motion when a defendant has substantially assisted." Wade, 504 U.S. at 185; accord United States v. Davis, 247 F.3d 322, 327-28 (1st Cir. 2001) ("As said in Wade, the fact that a defendant provided substantial assistance does not provide defendant with a remedy; at most it creates a situation in which the government is given the power, but not the duty, to file a substantial assistance motion."). That said, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." Wade, 504 U.S. at 185; see also id. at 185-86 ("[W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion."). Wade also indicated that a movant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. (citing Chapman v. United States, 500 U.S. 453, 464-465 (1991)). The First Circuit has also recognized in context of a plea agreement that when the government "has agreed to an explicit undertaking" with respect to a substantial assistance issue, "it must undertake the obligations, including discretionary obligations, that it imposes on itself." Davis, 247 F.3d at 325. See also

3

Wilson, 390 F.3d at 1011-12 (discussing contractual principles concerning a Rule 35(b) dispute).

However, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186; Davis, 247 F.3d at 327 ("The mere giving of substantial assistance ... does not itself raise an inference that the government's failure to file a substantial assistance motion was improperly motivated."). Tran has not uttered any suggestion of an unconstitutional motivation underlying the United States' failure to move for an adjustment. Nor has she even begun to make any showing with respect to the absence of a legitimate governmental reason for not seeking the departure. Compare Wilson, 390 F.3d at 1009-11.

Instead, Tran focuses on the fact that she was ready to testify at a trial of another defendant who then pled guilty perhaps as a consequence of her readiness to testify and in one sentence Tran alludes to a Government promise to recommend a departure of up to fifty-percent on her behalf. With regards to any agreement between Tran and the United States, Tran (who did not plead guilty by agreement or otherwise but went to trial) has generated no evidence of an actual agreement between the United States and Tran concerning the filing of a substantial assistance motion. See Wade, 504 U.S. at 186; Davis, 247 F.3d at 327; Bischel, 32 F.3d at 264-65; Watts v. United States, 841 F.2d 275, 277-78 (9th Cir. 1988).

*Ground Two – Challenge to judge's determination of drug quantity*

In her Apprendi/Blakely/Booker ground Tran argues that it was improper for the Court to enhance her base offense level pursuant to United States Sentencing Guideline § 3B1.1(c) for her role as a leader or organizer. Tran states: "The only grams that I was responsible for was for 2Grams. I have never admitted to any other amounts or quantities. This is where my enhancement came in."

However, the jury verdict form dated August 5, 2004, (Blakely was decided June 24, 2004) expressly asked the jury for two drug quantity determinations. On Count I— the distribution count -- the Jury attributed 2 grams to Tran. With respect to Count II – a distribution or aiding and abetting count – the jury attributed 9.5 grams to Tran.

At sentencing this Court found that the drug quantity was 11.5 grams of cocaine base, resulting in a base offense level of 26. (Sentencing Tr. at 121.) It reduced the base offense level by 2 pursuant to the safety valve reduction, for a total offense level of 24 and a guideline range of 51-63 months. (Id. at 121). The Court expressly stated: "Let me be clear. I'm not finding any leadership role." (Id. at 122). Granting Tran a § 5K1.1 substantial assistance departure, the Court sentenced Tran to forty months of imprisonment and four years of supervised release (Id. at 122-23.) In short, Tran is obviously mistaken that she has an Apprendi/Blakely/Booker claim.[2]

---

2   Even if there was an Apprendi/Blakely/Booker concern in Tran's case she would run into the additional roadblocks as a consequence of her not having raised the claim on direct appeal, see David v. United States, 134 F.3d 470, 474 (1st Cir. 1998), and the growing consensus that the Apprendi/Blakely/Booker rule is not retroactive to cases on collateral review, see Sock v. United States, Crim. No. 99-21-B-W, Civ. No. 06-02-B-W, 2006 WL 1030104, *1 n.1 (Apr. 18, 2006) (collecting cases).

*Ground Three – Request for reduction of sentence due to extraordinary family circumstances*

In her 28 U.S.C. § 2255 motion Tran explains vis-à-vis her third ground seeking a reduction of her sentence by the Court:

> This argument is respectfully submitted to the court in conjunction with the fact that I am now a single mom. I have gone through extreme hardships, be[]ing of Vietnam[e]se decent. My live has been very harsh. I promise the [] courts of the United States of America, never to reoffend against them again. I pray that the emotional impact for both my children as well as for myself be taken into consideration. My children one o[f] 15 years and one of 12 years [] are in a very stressful situation. They are both United States citizens. Yet they have to be raised in Vietnam if the consequences of deportation apply to my being. This would be extremely dangerous for my children as well as for me. In my country they do not take lightly to someone that has committed a crime. They would kill me. I have already endured harm when I lived in Vietnam, for the mere fact that I was fathered by a black soldier that was stationed in Vietnam. I have never been recognized by my father. Though[] at a glance, you know that I am black. Not only are my immigration consequences huge on my children but on myself being expelled from the country. But also it is the prospective effect on my 2 little ones. My children have lost the[i]r[] father as well as the[i]r[] mother. My so called husband has abandoned them. At this particular time[] they are with a foster sister. This foster sister[] has called the state to turn them over to them. She refused to care for them any longer. This is as you could see a tra[u]matic experience, not only for my children but for myself as well. They have lost the[i]r[] daily care giver, the[i]r[] father, no my foster sister, and maybe they could some [how] lose the[i]r[] country. This impact that the conviction and ensuing deportation will have on my family is significant and will have long lasting emotional effects on myself and my little children, on the[i]r[] upbringing, and the[i]r[] future development. I realize that [the] court has the discretion as to whether and to what extent departure is warranted and it rest[s] with this sentencing court on a case to case [basis]. I want the Honorable Judge to know that my children are going through mental anguish. The[i]r[] mental health is at stake. The[i]r[] mother is in prison. The[i]r[] father has abandoned them, no one to take care of them. They have no other family. There is no one in the position to care for them. They now feel unwanted. The discord of mother .. child is natural consequence of any mother incarcerated. I pray that the court will grant such motion. For a good cause and allow me to reenter society with my children[] [a]s a productive and law abiding citizen[,] [a]nd a major asset to her family and community. Based upon the

> aforementioned information as written the court feels appropriate. Again I just want to thank you all for all of your help.

Although Tran's plea is compelling, this ground is not cognizable as a 28 U.S.C. § 2255 claim as it does not claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 8. This ground simply does not challenge the imposition of the sentence. Tran (who sought a reduction for diminished capacity but not for family circumstances) nowhere suggests that the Court should have made a reduction at the time of sentencing; Tran seeks a modification because of her deteriorating post-sentence family circumstances.[3]

---

[3] With respect to the tenability of pressing this claim pursuant to 18 U.S.C. 3582(c) (not cited expressly by Tran), this subsection provides:

> **Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>> **(1)** in any case—
>>> **(A)** the court, <u>upon motion of the Director of the Bureau of Prisons</u>, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>>> or
>>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>> **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered <u>by the Sentencing Commission</u> pursuant to 28 U.S.C. 994(o), upon motion of the

*Conclusion*

For the above reasons, I recommend that the Court deny Tran 28 U.S.C. § 2255 relief.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 1, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added). It does not appear that Tran would fair any better if she had asked the Court to reduce her sentence using a different vehicle given the limitations on such relief set by § 3582(c). I also note that even if the United States made a Rule 35 motion or the Director of the Bureau of Prison moved under § 3582(c)(1)(A)(i), this Court would not be able to enter an order that would stem the immigration consequences of Tran's conviction.